# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 50031 | DATE | 12/19/2012 |
| CASE TITLE | Brake Parts, Inc. vs. Hosea Project Movers, LLC | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants defendant's motion to dismiss Counts II, III, IV and V of the complaint. The parties are to be prepared to discuss at the February 13, 2013 telephonic conference their efforts at settlement or the possibility of mediation.

*Philip G. Reinhard*

■ [ For further details see text below.]

Electronic Notices.

## STATEMENT - OPINION

Plaintiff, Brake Parts, Inc., filed a five-count complaint against defendant, Hosea Project Movers, LLC., based on the loss or damage of certain equipment that defendant contracted to transport and store for plaintiff. Count I alleges a claim under 46 U.S.C. § 14706(a)(1) (Carmack Amendment). Count II is a state-law claim for breach of a bailment contract. Count III alleges a state-law breach of contract claim. Count IV alleges a state-law claim of unjust enrichment, and Count V is a state-law claim for conversion. Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), contending that all of the state-law claims are preempted by the Carmack Amendment. Plaintiff, in its response, concedes that Counts II, III, and V are preempted and should be dismissed, but maintains that the claim for unjust enrichment in Count IV is not preempted because it is separate and distinct from the cartage contract giving rise to its claims under the Carmack Amendment. Defendant has replied.

The Carmack Amendment created a nationally uniform rule of carrier liability concerning interstate shipments. REI Transport, Inc. v. C. H. Robinson Worldwide, Inc., 519 F. 3d 693, 697 (7th Cir. 2008). Since its enactment, a carrier of an interstate shipment is liable to the person entitled to recover under the receipt or bill of lading. REI Transport, Inc., 519 F. 3d at 697. The party entitled to recover can do so for the actual loss or injury to the property caused by the carrier. REI Transport, Inc., 519 F. 3d at 697.

The preemptive sweep of the Carmack Amendment extends to state causes of action against carriers where goods are damaged or lost in interstate commerce. REI Transport, Inc., 519 F. 3d at 697-98. The statute limits the carrier's liability to the actual loss or injury to the property. A shipper cannot bypass this limit by filing a state-law claim for the damaged goods unless the claim seeks to remedy a "separate and independently actionable harm." REI Transport, Inc., 519 F. 3d at 698.

Further, the Carmack Amendment does not preempt every claim related to damaged or lost goods. REI Transport, Inc., 519 F. 3d at 698. For example, if a shipper withholds a greater amount than what it was owed for damaged goods, a carrier could seek legal recourse for the difference. REI Transport, Inc., 519 F. 3d at 698. As with carrier liability, the shipper may be liable for other independently actionable harms that are distinct from the loss or damage to the claims. REI Transport, Inc., 519 F. 3d at 698. Thus, claims that do not affect a carrier's liability for lost or damaged goods are not preempted. REI Transport, Inc., 519 F. 3d

**STATEMENT - OPINION**

at 698.

Here, plaintiff concedes that the state-law claims in Counts II, III, and V are preempted and should be dismissed. That leaves the state-law claim in Count IV.

Count IV actually contains two distinct factual bases for the claim of unjust enrichment. Plaintiff alleges therein a theory of unjust enrichment based on defendant having "accepted payment for the services of removal and storage of equipment owned [by defendant]." See Complaint, par. 45. Alternatively, in paragraph 46, plaintiff alleges that defendant "received payment for the sale of certain equipment owned [by defendant]." Additionally, in paragraph 47, plaintiff alleges that the "retention of payment for services or of money resulting from the sale of equipment" entitles it to be compensated under the state-law claim of unjust enrichment.

Plaintiff contends that the allegation in paragraph 46 regarding the sale of some of the equipment and the retention of the proceeds by defendant constitutes a "separate and independent claim to receive proper payment for a portion of the profits reaped from the sale of [defendant's] equipment." Thus, according to plaintiff, the unjust enrichment claim is not preempted by the Carmack Amendment.

The court disagrees with plaintiff's objection to preemption as to Count IV. The theory in paragraph 45, based on defendant's alleged acceptance of payment under the contract, is clearly preempted as it relates to an actual loss under the contract and can be recovered under Count I. Likewise, the claim as alleged in paragraph 46 is also preempted. The alleged sale of certain equipment covered by the contract and the retention of any proceeds is also part and parcel of any actual loss based on defendant's contractual obligations as the carrier. Such a claim, as currently pleaded, is not separate and independent of the cartage contract, but rather, arises directly out of it. See <u>Eventus Marketing, Inc. v. Sunset Transportation Co.</u>, 722 F. Supp. 2d 1311 (S.D. Fl. July 14, 2010) (ruling unjust enrichment claim preempted as arising under cartage contract). This is so because Count IV, as alleged by plaintiff, is based on a single, unified contract related to the transportation and storage of the subject equipment.[1] Thus, plaintiff potentially can receive compensation for such loss under Count I. Accordingly, the basis for the claim in paragraph 46 is also preempted.

Based on the foregoing, the court grants defendant's motion to dismiss in its entirety and dismisses Counts II, III, IV, and V.

---

1. The court notes that this conclusion is based on plaintiff's allegations reflecting a singular contract related to the equipment. Paragraph 7 of the complaint states that plaintiff contracted with defendant to remove certain equipment, transport it, and store it. Additionally, in Count III, the allegations refer to "a contract" and "the contract" and give no indication that there could in fact be two contracts reflected in the purchase order, one for the transportation and storage of the equipment and a separate one related to the optional sale of the equipment. While paragraph 40 in count III refers to defendant having the option to sell the equipment and split the proceeds, that allegation does not expressly refer to there being a separate contract in that regard. Nor was paragraph 40 incorporated into Count IV which merely incorporates paragraphs 1-18. The allegations of the complaint do not otherwise allege the existence of two distinct agreements despite the language of the purchase order which seems to suggest that in fact two separate contracts existed notwithstanding that they were contained within one written document. The court finds this problematic, but for purposes of the present motion it limits its analysis to the allegations as set forth in the complaint.

The court is further troubled by the apparent existence of yet another agreement between plaintiff and a third party regarding the return of the equipment by defendant. Of course, these matters will hopefully be resolved at a later point in this litigation. With that in mind, the parties are to be prepared to discuss during the telephonic conference on February 13, 2013, their efforts at settlement or the possibility of mediation.